**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:25-cv-1522** **JURY TRIAL DEMANDED**

LISA RAGSDALE, *on behalf of herself and all others similarly situated,*

Plaintiff,

v.

GLOBAL MORTGAGE GROUP, LLC d/b/a MOXI,

Defendant.

---

**CLASS-ACTION COMPLAINT**

---

**Nature of this Action**

1. Lisa Ragsdale ("Plaintiff"), individually and on behalf of all others similarly situated, bring this class action against Global Mortgage Group, LLC d/b/a MoXi ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing text message or telephone call to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

3. Moreover, upon information and belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(1) by delivering advertisement or marketing text message or telephone calls to residential or cellular telephone numbers

registered with the DNC Registry before the hour of 8 a.m. or after 9 p.m.

4. Additionally, upon information and belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent.

**Parties**

5. Ms. Ragsdale is a natural person who at all relevant times resided in Loveland, Colorado.

6. Defendant is a Delaware limited liability company that focuses its business on mortgage lending to American purchasers of foreign real estate in Mexico.

7. Defendant appears to be headquartered in San Jose del Cabo, Mexico, but otherwise appears to focus its domestic presence in California.

8. Defendant is a subsidiary of The Palisades Group, LLC, an alternative asset manager focusing on global residential credit and real estate markets, which is a Delaware limited liability company headquartered in Austin, Texas.

**Jurisdiction and Venue**

9. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(1)(a)(iii), and 28 U.S.C. § 1331.

10. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) as a significant portion of the events giving rise to this action occurred in this district.

11. In particular, Defendant directed its solicitation messages to Plaintiff's telephone number in this district.

12. Furthermore, Defendant knowingly and purposefully availed itself to Colorado when sending text messages and placing telephone calls to Ms. Ragsdale's "970" area-code cell phone, which is associated with Western Colorado.

13. Accordingly, this Court has personal jurisdiction over the parties to this action.

**Factual Allegations**

14. Ms. Ragsdale is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(970) 412-XXXX.

15. Plaintiff uses her cellular telephone as her personal residential telephone number.

16. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

17. Plaintiff registered her cellular telephone number with the DNC Registry on July 29, 2003.

18. On April 22, 2025, *at approximately 3:00 a.m.*, Plaintiff received a call and voicemail message, as well as a separate text message, from Defendant:




19. A copy of the voicemail message is available here.

20. Because of the generic nature of the message, the seamless delivery of the message without pause, stutter, or error, and the fact that it was sent *immediately* after a text message at 3 a.m., the voicemail message, upon information and belief, is a prerecorded message.

21. Plaintiff then received an additional follow-up call from telephone number (424) 428-1548 on April 28, 2025, through which the caller again sought Plaintiff's interest in mortgage lending to purchase a property in Mexico.

22. In that April 28, 2025 call, Plaintiff's husband answered the call on behalf of Plaintiff, and instructed the caller to stop calling.

23. Plaintiff did not recognize the sender of these communications, did not request any mortgage loans for purchases of property in Mexico, and was not—either

now or at any point in the past—looking to purchase real estate in Mexico.

24. Plaintiff is not, and was not, interested in Defendant's services or marketing.

25. Plaintiff did not give Defendant prior express consent or prior express written consent to send text messages or place telephone calls through the use of an artificial or prerecorded voice to her cellular telephone number or otherwise.

26. Upon information and belief, Defendant sent the text messages and placed the telephone calls at issue to Plaintiff's cellular telephone numbers for non-emergency purposes.

27. Upon information and belief, Defendant sent the text messages and placed the telephone calls at issue to Plaintiff's cellular telephone number voluntarily.

28. Upon information and belief, Defendant sent the text messages and placed the telephone calls at issue to Plaintiff's cellular telephone number under its own free will.

29. Plaintiff did not give Defendant prior express invitation or permission to send advertisement or marketing text messages or telephone calls to her cellular telephone number.

30. The purpose of the solicitation messages at issue was to advertise and to market Defendant's business or services.

31. Plaintiff suffered actual harm as a result of the text messages and telephone calls at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance, exacerbated by the fact that the calls and text messages were delivered in the middle of the night.

32. Upon information and good faith belief, Defendant knew, or should have

known, that Plaintiff registered her cellular telephone number with the DNC Registry.

## Class Action Allegations

33. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes (the "Classes"):

**Federal Do-Not-Call Registry Class:**

> All persons throughout the United States (1) to whom Global Mortgage Group, LLC d/b/a MoXi delivered, or caused to be delivered, more than one text message or telephone call within a 12-month period, promoting Global Mortgage Group, LLC d/b/a MoXi's or its business partners' goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Global Mortgage Group, LLC d/b/a MoXi delivered, or caused to be delivered, at least two of the text messages or telephone calls within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

**Time-of-Delivery Class:**

> All persons and entities throughout the United States (1) to whom Global Mortgage Group, LLC d/b/a MoXi delivered, or caused to be delivered, more than one text message or telephone call within a 12-month period, promoting Global Mortgage Group, LLC d/b/a MoXi's or its business partners' goods or services, (2) where the subject text messages or telephone calls were sent before the hour of 8 a.m. or after 9 p.m. at the local time associated with the area code of that telephone number, (3) within four years preceding the date of this complaint through the date of class certification.

**Robocall Class:**

> All persons and entities throughout the United States (1) to whom Global Mortgage Group, LLC d/b/a MoXi placed, or caused to be placed, a call directed to a number assigned to a cellular telephone service, but not assigned to a current or prospective customer of Global Mortgage Group, LLC d/b/a MoXi, (2) by using an artificial or prerecorded voice, (3) from four years preceding the date of this complaint through the date of class certification.

34. Excluded from the Classes are Defendant, its officers and directors,

members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

35. Upon information and belief, the members of the Classes are so numerous that joinder of all of them is impracticable.

36. The exact number of members of the Classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

37. The members of the Classes are ascertainable because the Classes are defined by reference to objective criteria.

38. In addition, the members of the Classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties, including members of the Classes.

39. Plaintiff's claims are typical of the claims of the members of the Classes.

40. As it did for all members of the Federal Do-Not-Call Registry Class, Defendant delivered solicitation text messages and telephone calls to Plaintiff's telephone number more than thirty days after Plaintiff registered her cellular telephone number with the DNC Registry.

41. As it did for all members of the Time-of-Delivery Class, Defendant delivered solicitation text messages and telephone calls to Plaintiff's telephone number where the subject text messages and telephone calls were delivered before 8 a.m. and after 9 p.m. at the local time that Plaintiff received the calls and text messages.

42. As it did for all members of the Time-of-Delivery Class, Defendant delivered

solicitation text messages and telephone calls to Plaintiff's telephone number where the subject text messages and telephone calls were delivered before 8 a.m. and after 9 p.m. at the local time that Plaintiff received the calls and text messages.

43. As it did for all members of the Robocall Class, Defendant placed telephone calls by using an artificial or prerecorded voice to Plaintiff's telephone number absent prior express consent.

44. Plaintiff's claims, and the claims of the members of the Classes, originate from the same conduct, practice, and procedure on the part of Defendant.

45. Plaintiff's claims are based on the same theories as are the claims of the members of the Classes.

46. Plaintiff suffered the same injuries as the members of the Classes.

47. Plaintiff will fairly and adequately protect the interests of the members of the Classes.

48. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Classes.

49. Plaintiff will vigorously pursue the claims of the members of the Classes.

50. Plaintiff has retained counsel experienced and competent in class action litigation.

51. Plaintiff's counsel will vigorously pursue this matter.

52. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Classes.

53. The questions of law and fact common to the members of the Classes

predominate over questions that may affect individual members of the Classes.

54. Issues of law and fact common to all members of the Classes include:

a. For the Federal Do-Not-Call Registry Class, Defendant's practice of delivering text messages and placing telephone calls, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

b. For the Time-of-Delivery Class, Defendant's practice of delivering text messages and placing telephone calls, for solicitation purposes, before 8 a.m. and after 9 p.m. at the local time that the recipient received the telephone calls and text messages;

c. For the Robocall Class, Defendant's practice of placing telephone calls to cellular telephone numbers, with the use of an artificial or prerecorded voice, absent prior express consent

d. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing solicitation text messages and telephone calls;

e. Defendant's violations of the TCPA; and

f. The availability of statutory penalties.

55. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

56. If brought and prosecuted individually, the claims of the members of the Classes would require proof of the same material and substantive facts.

57. The pursuit of separate actions by individual members of the Classes would, as a practical matter, be dispositive of the interests of other members of the Classes, and could substantially impair or impede their ability to protect their interests.

58. The pursuit of separate actions by individual members of the Classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

59. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Classes.

60. The damages suffered by the individual member of the Classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Classes to redress the wrongs done to them.

61. The pursuit of Plaintiff's claims, and the claims of the members of the Classes, in one forum will achieve efficiency and promote judicial economy.

62. There will be no extraordinary difficulty in the management of this action as a class action.

63. Defendant acted or refused to act on grounds generally applicable to the members of the Classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Federal Do-Not-Call Registry Class**

64. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

65. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

66. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

67. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

68. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

69. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with

the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

70. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Federal Do-Not-Call Registry Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

71. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Federal Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

**Count II**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Time-of-Delivery Class**

72. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

73. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

74. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c)(1) provides in relevant part that "[n]o person or entity shall initiate any telephone solicitation to: (1) Any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)." *Id.* at § 64.1200(d)(4).

75. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

76. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

77. Defendant violated 47 C.F.R. § 64.1200(c)(1) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members before the hour of 8 a.m. or after 9 p.m. at the local time of the called party's location).

78. Defendant therefore violated 47 U.S.C. § 227(c)(5) because they delivered, or caused to be delivered, to Plaintiff and members of the Time-of-Delivery Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200(c)(1).

79. As a direct and proximate cause of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(1), Plaintiff suffered a private nuisance, and experienced frustration by receiving unknown calls and text messages in the middle of the night.

80. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(1), Plaintiff, and the members of the Time-of-Delivery Class, are entitled to damages in an amount to be proven at trial.

**Count III**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Robocall Class**

81. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

82. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by delivering artificial or prerecorded voice messages to Plaintiff's cellular telephone number without prior express consent.

83. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the Robocall Class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action;

b. Designating Plaintiff as class representatives of the proposed Classes under Federal Rule of Civil Procedure 23;

c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d. Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e. Enjoining Defendant from continuing its violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f. Awarding Plaintiff and the members of the Classes damages under 47 U.S.C. § 227(c)(5)(B);

g. Awarding Plaintiff and the members of the Classes treble damages under 47 U.S.C. § 227(c)(5)(C);

h. Awarding Plaintiff and the members of the Classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i. Awarding Plaintiff and the members of the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Date: May 14, 2025

By: /s/ Alex D. Kruzyk

Alex D. Kruzyk
Bryan A. Giribaldo
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
akruzyk@pkglegal.com
bgiribaldo@pkglegal.com
Tele: (561) 726-8444

*Counsel for Plaintiff and the proposed classes*